E-FILED
Tuesday, 27 October, 2026 09:01:10 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **DAVID JORDAN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:26-cv-2287-SEM-DJQ** |
| | ) | |
| **JONATHAN EK, et al.,** | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* David Jordan, who is currently incarcerated at East Moline Correctional Center ("East Moline"), filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 alleging violations of his constitutional rights, a Motion to Request Counsel (Doc. 5), and a Motion to Take Judicial Notice (Doc. 11).

Plaintiff's Complaint is now before the Court for screening. For the following reasons, the Court finds that Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Defendants Dr. Jonathan Ek and John Doe I for allegedly denying Plaintiff medical treatment for his kidney failure. Plaintiff's Motion to Request Counsel is

denied, with leave to renew. Plaintiff's Motion to Take Judicial Notice is moot.

# I. COMPLAINT

## A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B. Facts Alleged

At all times relevant to his Complaint, Plaintiff was incarcerated at Danville Correctional Center ("Danville").

Plaintiff files suit against Dr. Jonathan Ek, Centurion Medical Services (“Centurion”), Grievance Officer Shawn Gibson, Warden Trent Allen, Administrative Review Board (“ARB”) member Rebecca Riggs, Illinois Department of Corrections (“IDOC”) Director Latoya Hughes, and John Does I, II, and III.

Plaintiff alleges Defendant Ek ordered bloodwork on or about April 25, 2023, December 5, 2023, April 25, 2024, August 13, 2024, December 10, 2024, January 3, 2025, May 20, 2025, May 21, 2025, and August 27, 2025. Defendant Ek also ordered urine specimens from Plaintiff on or about November 16, 2023 and May 14, 2025. Defendant Ek allegedly reviewed the test results, which revealed several out-of-range markers for kidney failure. Defendant Ek did not advise Plaintiff that the test results were indicative of kidney failure, nor did Plaintiff receive any treatment for kidney failure.

Defendant John Doe I, a medical staff member at Danville, reviewed Plaintiff’s blood test results on or about May 1, 2024, August 14, 2024, May 21, 2025, and May 22, 2025. Defendant John Doe I also reviewed the results of a urine test on May 15, 2025. Defendant John Doe I did not advise

Plaintiff that the test results were indicative of kidney failure, nor did Plaintiff receive any treatment for kidney failure.

On September 6, 2025, Defendant Ek informed Plaintiff that his blood test results were “kind of high,” but Defendant Ek did not tell Plaintiff that the results were indicative of kidney failure or provide any treatment. (Doc. 1 at p. 14).

On September 7, 2025, Plaintiff had an appointment with Physician Assistant Muhammed (“Moe”) regarding his diabetes. Moe informed Plaintiff that his blood test results showed Plaintiff was suffering from chronic kidney disease, his kidneys were functioning at 31%, and he was close to needing dialysis. Moe informed Plaintiff that he would submit a referral request for Plaintiff to see a specialist.

During an examination with Defendant Ek on September 10, 2025, Defendant Ek reviewed Plaintiff’s blood test results from August 28, 2025, but did not provide any medical treatment for Plaintiff’s kidney failure.

On November 3, 2025, Plaintiff filed an emergency grievance regarding his kidney failure. The warden deemed the grievance an emergency.

On or about January 27, 2026, Defendant John Doe II, the Healthcare Unit Administrator ("HCUA"), responded to Plaintiff's emergency grievance. Defendant John Doe II stated a nephrology referral was made in September 2025, but Defendant Centurion needed to approve the referral before an appointment would be scheduled. In the meantime, Defendant John Doe II advised Plaintiff to continue utilizing nurse sick call. Plaintiff alleges nurse sick call was ineffective, as nurses were unqualified to treat his kidney failure.

On January 27, 2026, Defendant Grievance Officer Gibson reviewed Plaintiff's emergency grievance. Defendant Gibson was aware that Plaintiff's kidney function had been an ongoing problem and that Defendant Centurion was delaying and/or refusing to approve specialty care, but Defendant Gibson recommended that Plaintiff's grievance be denied.

On January 28, 2026, Defendant Warden Allen reviewed Plaintiff's emergency grievance and concurred with the recommendation to deny the grievance. Plaintiff alleges Defendant Gibson turned a blind eye to his kidney failure, which at a minimum, had been left untreated since September

2025, due to Defendant's Centurion delay in approving the referral.

On March 20, 2026, Defendant Riggs, a member of the ARB, reviewed Plaintiff's appeal of his emergency grievance. Defendant Riggs denied the grievance, finding that the facility administration appropriately addressed the issue. (Doc. 1-2 at p. 37). Defendant Riggs stated that medical treatment was at the discretion of licensed medical providers and advised Plaintiff to submit a nurse sick call slip if he was still experiencing medical concerns. *Id.* Defendant IDOC Director Hughes concurred with the denial. *Id.*

On an unspecified date, the referral request for Plaintiff to see a specialist was approved. Defendant John Doe III, a staff member at Danville who handles inmates' medical records, allegedly delayed scheduling an appointment with a nephrologist, even though John Doe III knew a delay would cause more damage to Plaintiff's kidneys.

On May 11, 2026, Plaintiff was sent to Carle Hospital for an appointment with a specialist and diagnosed with stage 4 kidney failure. The specialist recommended that Plaintiff be

prescribed Jardiance, undergo blood tests, and return for further examination.

**C. Analysis**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522.

To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Court finds that the facts alleged in Plaintiff's Complaint are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendant Dr. Ek and John Doe I, who allegedly reviewed Plaintiff's blood and urine test results and failed to provide Plaintiff with medical treatment for kidney failure.

Plaintiff is advised that Defendant John Doe I cannot be served. As such, the Court *sua sponte* names Trent Allen, in his official capacity as the Warden of Danville, as a Defendant to facilitate the identification of Defendant John Doe I. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation

that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Allen aimed solely at identifying Defendant John Doe I. After Defendant John Doe I has been identified, Warden Allen may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify Defendant John Doe I and file a motion to substitute his real name. The failure to do so will result in the dismissal of Defendant John Doe I without prejudice.

Plaintiff alleges Defendant HCUA John Doe II reviewed his emergency grievance and noted that a nephrology referral had been submitted in September 2025 and was awaiting approval from Defendant Centurion. Defendants Gibson, Allen, Riggs, and Hughes denied the grievance, noting that Plaintiff had been advised of the medical issue and that an appointment would be scheduled with a specialist after the referral was approved. (Doc. 1-2 at pp. 35, 37). "[P]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also Thomas v. Knight*, 196 F. App'x 424, 429 (7th

Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). Plaintiff does not allege any further involvement by Defendants John Doe II, Gibson, Allen, Riggs, and Hughes outside of the grievance process. Therefore, Defendants John Doe II, Gibson, Allen (in his individual capacity), Riggs, and Hughes are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff's sparse allegations against Defendant John Doe III, who allegedly delayed Plaintiff's appointment with a nephrologist, are insufficient to proceed on a deliberate indifference claim. Plaintiff does not specify when the referral was approved or how long John Doe III allegedly waited before scheduling the appointment. Defendant John Doe III is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Private corporations, such as Defendant Centurion, have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through

an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, Centurion cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Centurion has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff does not identify an express policy or a widespread practice, nor does he allege that his injury was

caused by a person with final policymaking authority. Plaintiff's allegations are insufficient to proceed on a *Monell* claim against Centurion. Therefore, Defendant Centurion is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

## II. MOTION TO REQUEST COUNSEL

Also pending before the Court is Plaintiff's Motion to Request Counsel. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff sent letters to three attorneys to request representation. (Doc. 5-1). Plaintiff did not indicate if he received any responses. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from

several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *See Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his request, he is directed to attach additional copies of letters he sent to prospective counsel and attach any responses he received to his motion.

**III. MOTION TO TAKE JUDICIAL NOTICE**

Plaintiff filed a Motion to Take Judicial Notice asking the Court to accept Exhibits 1-16 of his Complaint. (Doc. 11). Plaintiff states the law library did not file the exhibits with his Complaint. The Court confirms that Exhibits 1-16 were received and filed with Plaintiff's Complaint. (Doc. 1-2). Therefore, Plaintiff's Motion is MOOT.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth**

**Amendment deliberate indifference claim against Defendants Dr. Jonathan Ek and John Doe I for allegedly denying Plaintiff medical treatment for his kidney failure. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Court *sua sponte* names Trent Allen, in his official capacity as the Warden of Danville, as a Defendant to facilitate the identification of Defendant John Doe I. Plaintiff may propound written discovery requests upon Defendant Allen aimed solely at identifying Defendant John Doe I. After Defendant John Doe I has been identified, Defendant Allen may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify Defendant John Doe I and file a motion to substitute his real name. The failure to do so will result in the dismissal of Defendant John Doe I without prejudice.**

3) **Defendants Centurion, Shawn Gibson, Trent Allen (in his individual capacity), Rebecca Riggs, Latoya Hughes, and John Does II and III are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Centurion, Gibson, Riggs, Hughes, and John Does II and III.**

4) **Plaintiff's Motion to Request Counsel [5] is DENIED, with leave to renew.**

5) **Plaintiff's Motion to Take Judicial Notice [11] is MOOT.**

6) **Plaintiff's Motion to Proceed in forma pauperis [13] is MOOT, as the Court granted Plaintiff's prior Motion**

**to Proceed in forma pauperis on September 15, 2026. (See d/e 12).**

**7) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

**8) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

**9) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to an Answer is necessary or will be considered.**

**10) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with**

**the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

**11) If Defendants no longer work at the address provided by Plaintiff, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**12) Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.**

**13) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this case with prejudice.**

**14) If Defendants fail to sign and return a waiver of service to the Clerk within thirty days after the**

**waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

**15) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**16) The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED October 27, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE